IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Annie Hill,                                    ) | |
| ) | CA No. 7:12-330-TMC |
| Plaintiff,                ) | |
| ) | |
| v.                                              ) | **ORDER** |
| ) | |
| Canal Insurance Company and Buel, Inc.,  ) | |
| ) | |
| Defendants.            ) | |
| _____) | |

Plaintiff Annie Hill (Hill) filed this complaint against the defendants seeking a declaratory judgment and damages for breach of contract and unfair trade practices in violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10 through -560 (1985 & Supp. 2011). (Dkt. No. 1.) Before the court are motions to dismiss by defendants Canal Insurance Co. (Canal) (Dkt. No. 6) and Buel, Inc. (Buel) (Dkt. No. 30) (collectively, the defendants) and a motion to remand by Hill (Dkt. No. 14). The court grants both Canal's and Buel's motions to dismiss and denies Hill's motion to remand.

**I.**

Canal is an insurance company based out of South Carolina. Buel is a motor carrier out of North Carolina which purchased a commercial liability policy from Canal. At the time of the alleged incident underlying this action, Hill and her husband Grady (Grady) were both independent contractors working as tractor-trailer drivers for Buel. On October 2, 2007, Grady was operating a tractor-trailer on behalf of Buel; Hill was riding as a passenger at the time. Grady is diabetic and lost consciousness. A single-vehicle accident ensued, in which the tractor-trailer ran off the road, across another lane of traffic, and into a field before rolling over. Hill allegedly

suffered numerous injuries and permanent disabilities and incurred over $100,000 in medical bills.[1] Hill filed a lawsuit against Grady and Buel in the Spartanburg County Court of Common Pleas. Buel moved for summary judgment on the grounds that the statute of limitations had run, which was granted. (Dkt. No. 30-4.)[2]

The policy issued by Canal to Buel in effect at the time of the incident allegedly included a $1,000,000 single limit. The policy purportedly excludes claims by employees or spouses of employees incurred during the course of employment.[3] Furthermore, the policy included an MCS-90 endorsement, which is required of motor carriers under the Motor Carrier Act, 49 U.S.C. § 13101 *et seq*. (Dkt. No. 30-3.) Section 31139 of the Motor Carrier Act and 49 C.F.R. § 387.9 promulgated thereto require motor carriers, among other alternatives, to maintain at least $750,000 for public liability claims. The MCS-90 also excludes claims by "the insured's employees while engaged in the course of their employment."

Hill filed this complaint in the Spartanburg County Court of Common Pleas, and it was removed by Canal with Buel's consent on February 3, 2012. In her complaint, Hill alleges that (1) she is a named insured or third-party beneficiary to the policy between Canal and Buel and both parties "combined and in concert" breached the insurance contract by "by refusing to offer and/or compensate" Hill according to the limits and (2) Canal and Buel violated the SCUPTA by engaging in "illegal, unfair [,] and deceptive practices" by having no intention of honoring their obligations under the insurance contract. Additionally, Hill seeks a declaratory judgment

---

[1]     Buel also maintained an occupational accident policy with Zurich, which paid approximately $150,000 in benefits to Hill.

[2]     Hill's original complaint in state court, filed in January 2010, named only her husband, Grady. She amended the complaint in March 2011 to include Buel, but the amendment occurred after the expiration of the statute of limitations.

[3]     The court qualifies this language because no party has introduced the policy into the record.

determining the rights and obligations of herself, Canal, and Buel, and that liability coverage exists such that she can recover up to its limits for her injuries. Both Canal (Dkt. No. 6) and Buel (Dkt. No. 30) filed motions to dismiss.

By way of return, Canal argues (1) that Hill maintains no standing to enforce the insurance contract because she was not a party to the contract; and (2) that there is no right of recovery against Canal as an insurance company under the SCUPTA because insurance companies are separately regulated and exempt from SCUPTA. Buel argues (1) that Hill's claims are preempted by federal law; (2) Hill's claims are excluded under the MCS-90 endorsement and the policy at issue; and (3) Buel is not an insurer and has not contracted to provide insurance and therefore cannot be liable for failure to pay insurance benefits.

## II.

The Federal Rules of Civil Procedure provide that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed. R. Civ. P. As the Supreme Court held, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The rule requires more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id*. at 678 (citations omitted). As the court explained in *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (citing *Twombly*, 550 U.S. at 570).

### III.

### A.

Turning now to the motions to dismiss, the court holds that Hill does not maintain standing as a non-party to the insurance contract. Therefore, the court grants Canal's and Buel's motions to dismiss.

The defendants argue that they are entitled to dismissal of the breach of contract and SCUPTA claims because Hill was not a party to the insurance contract between Canal and Buel. The court agrees. The South Carolina Supreme Court and the South Carolina Court of Appeals "have repeatedly denied actions for bad faith refusal to pay claims to third parties who are not named insureds*." Kleckley v. Northwestern Nat'l Cas. Co.*, 338 S.C. 131, 135, 526 S.E.2d 218, 219 (2000); *see, e.g., Carter v. American Mut. Fire Ins. Co.,* 279 S.C. 368, 307 S.E.2d 227 (1983); *Cook v. Mack's Transfer & Storage,* 291 S.C. 84, 352 S.E.2d 296 (Ct.App.1986); *Swinton v. Chubb & Son, Inc.,* 283 S.C. 11, 320 S.E.2d 495 (Ct.App.1984). In *Kleckley*, the Supreme Court affirmed that principle: "A tort action for an insurer's bad faith refusal to pay benefits does not extend to third parties who are not named insureds." 338 S.C. at 134, 526 S.E.2d at 219. By Hill's own statements in the complaint, the contract was an agreement between Canal and Buel: "[T]he defendant, Canal Insurance Company . . . sold . . . a Commercial Liability and Property Insurance Policy . . . to . . . Buel . . . . (Dkt. No. 1-1 at 2; *see also id.*, *passim*.) However, the Supreme Court has recognized a limited exception, the necessities doctrine, in which the plaintiff is allowed to stand as a derivative policyholder when the actual policyholder is unable to enforce his rights. *Id*. at 135, 220 (citing *Ateyeh v. Volkswagen of Florence, Inc.*, 288 S.C. 101, 341 S.E.2d 378 (1986)). In *Ateyeh*, the Supreme Court allowed the plaintiff, a widow, to stand in place of her deceased

husband, the actual policyholder, as a derivative policy holder. 288 S.C. at 103, 341 S.C.2d at 380. No such necessity exists here—Buel is the actual policyholder and is able to pursue an action for breach of contract against Canal if necessary. As a result, Hill fails to have standing to pursue an action for bad faith breach of contract against Canal.[4]

Additionally, Hill may not maintain an action under the SCUPTA. Insurance providers are separately regulated under South Carolina law and are not subject to the SCUPTA. *See* S.C. Code Ann. § 39-5-40(c) (stating that the SCUTPA is inapplicable to trade practices regulated by §§ 38-57-10 through -320, which is the codification of the Insurance Trade Practices Act). The preamble to Insurance Trade Practices Act states,

> The purpose of this chapter is to regulate trade practices in the business of insurance . . . by defining, or providing for the determination of, all the practices in this State which constitute unfair methods of competition or unfair or deceptive acts or practices and by prohibiting the trade practices so defined or determined.

*Id*. § 38-57-10; *see Trustees of Grace Reformed Episcopal Church v. Charleston Ins. Co.*, 868 F.Supp. 128, 130–131 (D.S.C. 1994) ("[A]ll unfair trade practices regarding the insurance business are regulated by the Insurance Trade Practices Act, §§ 38–57–10 *et seq.,* and are exempt from the coverage of SCUTPA."). Accordingly, Hill's breach of contract and SCUTPA claims are dismissed.

**B.**

Additionally, Buel's motion to dismiss is granted in the alternative because Buel is not an insurer and has not contracted to provide insurance. As stated above, Hill claims that Buel (1) "combined and in concert" with Canal breached the commercial liability policy "by refusing to offer and/or compensate" Hill with the policy limits; and (2) violated the SCUPTA by engaging in

---

[4] As noted in *Kleckley*, the appropriate avenue of relief is to bring an action against the first-party beneficiary, which may then pursue an action against the insurer if a judgment is obtained. *Id*. at 136, 526 S.E.2d at 220. Here, of course, Hill pursued an action against Buel in state court that was dismissed.

"illegal, unfair [,] and deceptive practices" by having no intention of honoring its obligations under the insurance contract.

Buel is not a provider of insurance; it is a trucking and transportation company that purchased commercial liability coverage from Canal. As a purchaser of insurance coverage, Buel's sole responsibility under the insurance contract was to pay the premiums to Canal. Further, Buel is not in a position to deny coverage to Canal—any claim for coverage would be made to *Canal*, not to *Buel*. As such, Hill's claims are unsupported by law or fact and constitutes nothing more than "the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Accordingly, the court holds that Hill does not "'state a claim to relief that is plausible on its face'" and grants Buel's motion to dismiss. *Id.* (citing *Twombly*, 550 U.S. at 570).[5]

## C.

Finally, the court dismisses Hill's declaratory judgment. S.C. Code Ann. § 15-53-20 (2005) ("Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed.") While the court hesitates to address the rights and obligations of the parties under an insurance contract that has not been included in the record, standing is a necessary component of bringing a declaratory judgment action. *South Carolina Electric & Gas Co. v. South Carolina Public Service Authority,* 215 S.C. 193, 215, 54 S.E.2d 777, 787 (1949) ("The existence of an actual controversy is essential to jurisdiction to render a declaratory judgment."). Because the court has held that Hill does not have standing to pursue this action, no justiciable controversy exists such that the court could entertain the declaratory judgment. Therefore, the declaratory judgment action is dismissed.

---

[5] In light of the court's holding, it is unnecessary to address the remainder of Buel's arguments in support of dismissal.

## IV.

In light of the foregoing reasoning, the court **GRANTS** the motions to dismiss by Canal (Dkt. No. 6) and Buel (Dkt. No. 30). In light of that holding, the plaintiff's motion to remand is **DENIED** as moot. (Dkt. No. 14). The plaintiff's complaint is hereby **DISMISSED**.

**IT IS SO ORDERED.**

<u>s/Timothy M. Cain</u>
Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 1, 2012